NO. 7525.                    STATE OF LOUISIANA

EUREKA HOMESTEAD SOCIETY
                             COURT OF APPEAL
        VS

WM. L. CLARK, JR.            PARISH OF ORLEANS.

----------------------------------------------------------------

*[redacted]*

*[redacted]*

*[redacted]*

*[signature]*

## OPINION.

John St. PAUL, Judge.

This case involves the interpretation of Section 200 of the Act of Congress approved March 8th, 1918, entitled "An Act to extend protection to the civil rights of members of the Military and Naval Establishments of the United States engaged in the present war," commonly called the Moratorium Act.

For the purpose of this case it suffices to say (since a judgment by default was taken herein without the filing of affidavit) that the act requires in substance that before a judgment by default may be taken against a defendant, the plaintiff shall by his affidavit show that such defendant is not in the military service.

And the precise question before us is whether a judgment rendered by default without the previous filing of such affidavit be absolutely void in all cases or only voidable if the defendant show that he was then in the military service and was prejudiced by such judgment.

It seems to us that a glance at the title of the act and a consideration of its purpose suffices to afford a solution of this question; since it is difficult to see how persons in the military service would be protected against unjust claims if a plaintiff might by simply ignoring the act and withholding the affidavit, take and execute his judgment by default and thus relegate the soldier or sailor to an action to set it aside and an uncertain claim for damages; long, expensive and doubtful in its prosecution; and difficult perhaps impossible, of execution.

For on principle such would be the necessary consequences if a judgment so rendered were not void, but only voidable; since that which is only voidable and not void subsists as valid and produces its full civil effects until set aside. And the act itself recognizes this when it declares at the very end of the section that "Vacating, setting aside, or

361

reversing any judgment because of any of the provisions of this act shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

Passing aside the very obvious fact that one cannot be considered strictly bona fide who fails to look for the required affidavit, it may then be asked what is the meaning of the clause just quoted and the reason thereof, since it clearly provides for a case where the judgment is only voidable but not void.

The answer is that it is only when the judgment has been taken by default and no affidavit has been filed that it is void; otherwise it is only voidable.

For the act provides that the plaintiff shall file one of three affidavits; to-wit, that the defendant is not in the military service, or that the defendant is in ~~###~~ that service, or that plaintiff is unable to determine whether the defendant be or be not in such service (either in fact or in law).

But in any case the court is allowed considerable discretion as to whether it will or will not proceed with the suit, and under what conditions, such as the ~~#########~~ appointing of an attorney to represent the defendant, requiring bond from the plaintiff, or the like. But in no case can judgment be rendered by default unless the affidavit show affirmatively that the defendant is not in the service; otherwise there must be a hearing.

Or again the affidavit might be false in fact, or erroneous in law, whether intentionally or otherwise, in spite of the severe penalty attached to the making of a false affidavit intentionally.

But in all such cases, although the defendant might yet be injured by the judgment, nevertheless the proceedings would be regular on their face and any irregularity therein would arise only from facts dehors the record. Hence such judgments would be voidable only.

362

But where no affidavit whatever has been filed the irregularity of the judgment is apparent on the face of the record, and the judgment is then not only voidable, but void.

In so far as this applies to a person who at the time was actually in the military service, it seems to us there can be no doubt that a judgment rendered as this one was is a radical nullity.

## II.

But we think this is also true even as to a defendant who actually was not in the military service at the time, for the reason;

Congress meant to provide, and *ex industria* did provide, that before any judgment by default whatever be rendered, it should affirmatively appear from the record that the defendant was not in the military service.

That is to say, Congress meant ot protect those in the military service against the possibility of oppressive judgments taken against them by default; but the mere right to set aside such judgments and claim damages would not be adequate; hence Congress must strike with nullity ab initio any judgment by default whatever against them. But the only way to do so effectively is to strike with nullity any judgment by default against anyone whomsoever unless it were made to appear affirmatively that such person was not in the military service. Otherwise the burden of setting aside any such judgment which might inadvertently or otherwise be rendered against a person in the military service must fall upon such person, and in the meanwhile he might suffer irreparable damage; all of which was just what the act meant to guard against.

In other words Congress in order to protect those in the military service meant to insist that no judgment be rendered by default against any person whomsoever without first

ascertaining affirmatively that such person was not in the military service. To that extent the law is plainly prohibitory and hence what is done in controvention thereof is void.

### III.

It is urged that taking this view of the Statute may result in annulling a great many judgments entered before the provisions of the law became known. It may be so, but with that we have nothing to do since we have only to interpret the law as we understand it. At the same time we do not generally leap in the dark, and we feel satisfied that such fears are exagerated. It may be that judgments rendered by default and *not* executed may have to be set aside and rendered de novo, but in general where judgments rendered against persons not in the military service, and working them no injury, have been acquiesced in, or executed to the knowledge of and without objection from such person, they will doubtless be allowed to stand as accomplished facts which can not be undone, upon principles of estoppel and public convenience.

### IV.

The view which we have thus taken dispenses with our having to consider either the admissibility of the affidavit filed in this court by the appellee or the motion to expurge it from the record filed by the appellant.

The judgment appealed from is therefore reversed and set aside and the case is now remanded to the court a qua for further proceedings according to law.

Claiborne, J, recused.